UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BRANDON QUINTIN SHAW, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:18-CV-1752 ACL |
|  | ) |  |
| SAINT LOUIS CITY, et al., | ) |  |
|  | ) |  |
| Defendant, | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Brandon Quintin Shaw, an inmate at the Moberly Correctional Center ("MCC"), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $20.00. *See* 28 U.S.C. § 1915(b)(l). In addition, for the reasons discussed below, the Court will dismiss the complaint without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing average monthly deposits of $100.00 over a six-month period. The Court will therefore assess an initial partial filing fee of $20.00, or twenty percent of plaintiff's average monthly deposits.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

2

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

*Pro se* complaints are to be liberally construed, *Estelle* v. *Gamble,* 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin* v. *Aubuchon,* 623 F .2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton* v. *Hernandez,* 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone* v. *Harry,* 364 F.3d 912, 914-15 (8th Cir. 2004). When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true and liberally construes the allegations.

## The Complaint

Plaintiff brings this case pursuant to 42 U.S.C. § 1983 against: (1) St. Louis City; (2) Thomas C. Grady (judge in the City of St. Louis); (3) Terence W. Niehoff (attorney); and (4) James E. Sullivan (judge in the City of St. Louis).[1]

In November 2001, plaintiff was represented by defendant Niehoff at a criminal sentencing before Judge Grady.[2] After the sentencing, Niehoff represented to plaintiff that he would file an appeal on his behalf and Judge Grady even issued an order telling Niehoff to do so.

---

[1] Some of the same factual allegations raised here were also raised by plaintiff in a previously-filed case, *Shaw v. Randolph County*, et al., No. 2:18-CV-84-NCC, that was dismissed on initial review under 28 U.S.C. § 1915(e)(2)(B). However, plaintiff names different defendants in this matter.

[2] Review of public state court records shows that, on October 3, 2001, a jury in the Circuit Court for the City of St. Louis convicted plaintiff of two counts of first degree assault, and two counts of armed criminal action. On November 30, 2001, the Honorable Thomas C. Grady sentenced plaintiff to a total of 20 years' imprisonment. Plaintiff did not seek direct review or post-conviction relief.
  On June 12, 2009, plaintiff filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. *Shaw v. Steele,* No. 4:06-cv-936-FRB. On August 21, 2009, after determining that plaintiff had failed to allege circumstances warranting application of the doctrine of equitable tolling, the petition was dismissed as untimely.

3

However, Niehoff never filed an appeal of the matter or a late notice of appeal out of time.[3] Plaintiff states that Niehoff's failure to file his appeal was discrimination against him because he was indigent and unable to afford the cost of representation. Plaintiff asserts that he relied on Judge Grady's misrepresentation to him that Niehoff would represent him on direct appeal. Eventually a public defender did file a motion for late notice of appeal for plaintiff but it was denied as untimely in March 2003. As a result of Niehoff's inaction in filing an appeal and plaintiff's reliance on Judge Grady's misrepresentation, plaintiff asserts that he was foreclosed from receiving any form of appellate review in his criminal case.

In October 2017, plaintiff filed suit in St. Louis City court against Judge Grady raising claims of failure to discharge legal duties regarding the handling of his criminal case. The case was assigned to Judge James Sullivan. Judge Sullivan denied plaintiff's "Motion to Vacate, Set Aside, or Correct the Judgment or Sentence" and his "Motion Requesting Sua Sponte Inquiry Pursuant to Mo. Sup. Ct. R. 29.12(b), or in the alternative, Petition for Writ of Habeas Corpus."

Based on these background facts, plaintiff alleges three claims in his complaint. Two claims against defendant City of St. Louis assert that the City arbitrarily deprived plaintiff of his rights to due process and equal protection of the law by treating him with deliberate indifference in its enforcement of Missouri Supreme Court Rule 30.01,[4] in "its usage of the unconstitutional custom of discriminating against indigent criminal appellants," and in its fourteen-year refusal to provide plaintiff with a copy of the transcript from his criminal trial and sentencing before Judge Grady. In his third claim, plaintiff alleges defendant Niehoff also deprived him of due process

---

[3] According to the record reviewed in plaintiff's habeas matter, at the state court's hearing on plaintiff's allegations of ineffective assistance of counsel, Niehoff testified that he did not file the notice of appeal because plaintiff telephoned his office after the sentencing and fired him. The state court (and this court) ultimately denied plaintiff's request for habeas relief. *See Shaw v. Steele,* No. 4:06-cv-936-FRB, ECF No. 12 at 2-4.

[4] Missouri Supreme Court Rule 30.01 states that "[a]fter the rendition of final judgment in a criminal case, every party shall be entitled to any appeal permitted by law." Mo. Sup. Ct. R. 30.01(a).

and equal protection in his "wanton and reckless misconduct" of refusing to provide plaintiff with representation due to discrimination based on plaintiff's indigent status and inability to pay.

Plaintiff seeks declaratory judgment, injunctive relief, recall of the mandate in his criminal case, setting aside of his sentence, his release from custody, and damages totaling over 100 million. Plaintiff attached 99 pages of exhibits to his complaint.

## Discussion

Plaintiff's complaint is subject to dismissal against all defendants. First, to the extent that plaintiff seeks a ruling that his state court sentence is invalid and he should be released, such a § 1983 claim is not cognizable here. A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). As noted above, plaintiff's requests for habeas corpus relief have all been denied. A finding in this matter that invalidates his criminal conviction and sentence is not possible. In addition, for the reasons discussed below, plaintiff's claims are frivolous, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief.

Defendant Judges Thomas C. Grady and James E. Sullivan

Plaintiff lists Judges Grady and Sullivan as defendants in the complaint caption and in the "Parties to this Action: Defendants" section of his complaint. However, he does not mention these defendants at all in either the "Claims" or "Relief and Money Damages" sections of the complaint. As a result, it is unclear what claims, if any, plaintiff asserts against these two

5

defendant Judges. Regardless, judges are absolutely immune from suit for money damages unless they act outside of their judicial capacity or in the clear absence of jurisdiction, and plaintiff alleges no such facts. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986); *see also Pierson v. Ray*, 386 U.S. 547 (1967) (judges may not be held liable for damages under § 1983 for the performance of their respective duties in judicial proceedings). To the extent plaintiff seeks injunctive relief against defendant Judges, absolute immunity bars this relief as well. The 1996 amendments to § 1983 provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983). Plaintiff alleges neither the violation of a declaratory decree, nor the unavailability of declaratory relief, against the two defendant Judges. Plaintiff's claims against defendants Thomas Grady and James Sullivan are therefore barred under § 1983.

Defendant Terence W. Niehoff

Plaintiff's claims against his attorney, defendant Niehoff, are also subject to dismissal. To state a claim for violation of civil rights pursuant to 42 U.S.C. § 1983, a plaintiff must allege, *inter alia*, that a defendant acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). An attorney "does not act under color of state law when performing a lawyer's

6

traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325.[5] In this case, plaintiff's complaints about Niehoff concern his performance of the traditional functions of a defense attorney. None of the allegations indicate Niehoff acted as a state actor or as a willful participant in joint activity with the state.

In addition, based on the allegations of plaintiff's complaint, his § 1983 claims against Niehoff are time-barred. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). In this case, plaintiff's allegations against defendant Niehoff are based on his failure to file a timely appeal of plaintiff's November 2001 criminal case. Plaintiff acknowledges that he was aware of Niehoff's alleged failure-to-file by 2003, at the latest. This case was filed on October 12, 2018. Based on a five-year statute of limitations for § 1983 claims, plaintiff's claims against Niehoff were filed about ten years too late.

Defendant St. Louis City

Plaintiff asserts two claims against the City of St. Louis. A governmental entity like the City can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Liability under § 1983 may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1089 (8thCir. 2018).

---

[5] The Court notes that plaintiff's claims against defendant Niehoff sound like ineffective assistance of counsel claims. However, to the extent plaintiff can be understood to seek relief pursuant to 28 U.S.C. § 2254, this case is subject to dismissal because, as noted above, plaintiff has already sought and been denied federal habeas relief, and has not obtained leave from the United States Court of Appeals for the Eighth Circuit to bring a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A).

7

First, plaintiff asserts that the City treated him with "deliberate indifference" in its enforcement of Missouri Supreme Court Rule 30.01 because it did not allow him, as an indigent plaintiff, to have a hearing on the issue of whether plaintiff "unequivocally desired to proceed pro se and/or had knowingly and intelligently waived his ... rights to have the assistance of counsel." ECF No. 1 at 15. Second, plaintiff asserts that the City has a custom of "discriminating against indigent criminal appellants and refusing to furnish indigent criminal appellants ... with a copy of the transcript of record" from their criminal case. *Id.* at 16.

Both of these claims fail to state a claim upon which relief can be granted. Plaintiff does not plead any facts from which one could begin to draw an inference that the conduct complained of resulted from an unconstitutional policy or custom. Without a factual underpinning, plaintiff's allegations amount to legal conclusions, which are not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while "court must accept allegations of fact as true...the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Plaintiff's claims against defendant City of St. Louis are frivolous and do not survive review under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $20.00 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name;

(2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this ____ day of February, 2019.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE